## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

ALEKSEJ GUSAKOVS,

    *Plaintiff,*

    v.

JOHNSON & JOHNSON and
DEPUY SYNTHES SALES, INC.,

    *Defendants.*

Civil Action No.:
1:17-cv-11502-DJC

## MOTION TO COMPEL ANSWERS TO REQUESTS FOR ADMISSIONS

Pursuant to Fed. R. Civ. P. 36(a)(6) & 37(a)(5), Plaintiff Alex Gusakovs respectfully moves this Court for an order compelling Defendants Johnson & Johnson and DePuy Synthes Sales, Inc. ("Defendants") to provide answers to five Requests for Admissions ("RFAs") – Plaintiff's RFA Nos. 2, 3, 4, 5 & 8 – that they refused to answer. Plaintiff further requests that he be awarded his expenses for bringing this Motion pursuant to Fed. R. Civ. P. 36(a)(6) & 37(a)(5).

As more fully discussed in Plaintiff's supporting Memorandum, Plaintiff reluctantly was forced to bring this Motion because Defendants have refused to admit (or even to deny) that in 2018, they sent three letters to Plaintiff (and one to his wife) ***written on Johnson & Johnson letterhead***, wherein they informed him that his employment had been terminated. That is, Defendants have refused to answer routine document-authentication requests ***about their own correspondence***, which was attached to Plaintiff's RFAs for Defendants to review.

Defendants also have refused to admit (or to deny) that prior to February 21, 2023, they did not provide Plaintiff with certain W-2 forms for tax years 2019 through 2022 that they ultimately did provide him earlier this year (in response to his request under Massachusetts law for his personnel file).  In refusing to answer this basic question, Defendants claim, *inter alia*, that the term "W-2 forms" supposedly is "vague and ambiguous" – notwithstanding that the specific W-2 forms at issue were produced by Defendants and attached to Plaintiff's RFAs.

Defendants are playing games.  Hence, this Motion.

Prior to filing, Plaintiff's counsel met and conferred with Defendants' counsel, as set forth in the accompanying Certificate of Compliance with L.R. 7.1(a)(2) & 37.1(b). That meet-and-confer process was unsuccessful, thus necessitating this Motion.

Plaintiff's Memorandum of Points and Authorities in support of this Motion, and supporting Declaration of Plaintiff's counsel, Charles F. Kester, are both filed concurrently herewith.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(d), Plaintiff requests a hearing on this Motion, to be scheduled at the Court's discretion.

*[signatures on following page]*

PLAINTIFF ALEKSEJ GUSAKOVS,
By His Attorneys,

Dated:  September 29, 2023

/s/ Charles F. Kester
Charles F. Kester, Esq. (*pro hac vice*)
DELANEY KESTER LLP
49 Boone Village, Suite 239
Zionsville, Indiana 46077
(818) 974-8627
charles@delaneykester.com

Royston H. Delaney, Esq. (BBO655666 )
DELANEY KESTER LLP
28 State Street, Suite 802
Boston, Massachusetts 02109
(857) 498-0384
royston@delaneykester.com

Ilyas J. Rona, Esq. (BBO642964)
MILLIGAN RONA DURAN & KING LLC
28 State Street, Suite 802
Boston, Massachusetts 02109
(617) 395-9570
ijr@mrdklaw.com

*Attorneys for Plaintiff Aleksej Gusakovs*

- 3 -

## CERTIFICATE OF COMPLIANCE WITH L.R. 7.1(a)(2) & 37.1(b)

I, Charles F. Kester, hereby certify that prior to filing this Motion, my colleague Ilyas Rona and I had a "meet and confer" telephone call with Hannah Bornstein and Jarrad Kirsh, counsel for Defendants in this action, on or about September 14, 2023, wherein we discussed Plaintiff's concerns about the adequacy of "Defendants' Objections and Responses to Plaintiff's First Set of Requests for Admissions." The call began at or about 10 a.m., and it lasted approximately 15 minutes. After it was clear that we would be unable to reach a satisfactory resolution, I advised Ms. Bornstein that Plaintiff would file a motion to compel with respect to Defendants' RFA Responses, and she acknowledged hearing that. As such, the provisions of L.R. 7.1(a)(2) & 37.1(b) have been complied with.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Certificate was executed by me on September 29, 2023, at Zionsville, Indiana.

*/s/ Charles F. Kester*
Charles F. Kester

## CERTIFICATE OF SERVICE

I, Charles F. Kester, hereby certify that on September 29, 2023, I caused a true and correct copy of the foregoing document to be served via the Court's CM/ECF system on all of the individuals registered to receive electronic service of documents filed in this case, including, Hannah R. Bornstein, counsel for Defendants Johnson & Johnson and DePuy Synthes Sales, Inc.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Certificate was executed by me on September 29, 2023, at Zionsville, Indiana.

*/s/ Charles F. Kester*
Charles F. Kester