UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ALEKSEJ GUSAKOVS,

*Plaintiff,*

v.

JOHNSON & JOHNSON and
DEPUY SYNTHES SALES, INC.,

*Defendants.*

Civil Action No.:
1:17–cv–11502–DJC

## [PROPOSED] STIPULATED PROTECTIVE ORDER

WHEREAS, Plaintiff Aleksej Gusakovs, and Defendants Johnson & Johnson and

DePuy Synthes Sales, Inc. (collectively "the Parties") may seek discovery of documents,

information, or other materials that may be subject to confidentiality limitations on

disclosure due to federal laws, state laws, and privacy rights;

WHEREAS, the Parties, as well as third parties, may be required to produce

information and/or documents that include/contain: (a) medical and/or mental health

information concerning the Plaintiff or others ("Confidential Health Information"),

including but not limited to "Protected Health Information" as that term is defined by

the Standards for Privacy of Individually Identifiable Health Information, 45 CFR parts

160 and 164, promulgated pursuant to the Health Insurance Portability and

Accountability Act of 1996 (*see* 45 C.F.R. §§ 164.501 and 160.103); (b) personal identity

information concerning the Plaintiff or his immediate family members or others

("Personal Identity Information"), including but not limited to the privacy information

required to be redacted pursuant to Fed. R. Civ. P. 5.2, which includes social-security numbers, taxpayer-identification number, financial-account numbers, the year of an individual's birth, and the full names of minor children; (c) income tax returns (including attached schedules and forms), W-2 forms, and 1099 forms ("Personal Tax Information"); and (d) information and/or documents that contain a trade secret or other confidential research, development, or commercial information, including commercial, sales, or marketing information  ("Proprietary Information");

WHEREAS, the Parties have stipulated and agreed to terms, and jointly submit to this Court for its approval and entry of the following Protective Order, and the Court having found that, in light of the nature of the confidential information that may be sought in discovery, good cause exists for entry of the Protective Order;

IT IS ORDERED that this Protective Order ("Order") is hereby entered pursuant to Rule 26(c) of the Federal Rules of Civil Procedure limiting the disclosure and use of certain discovered information in connection with the prosecution or defense of the above-captioned proceeding (the "Proceeding").

1.     Any party to this Proceeding and any applicable third party shall have the right to designate as "Confidential" and subject to this Order any information, any document, transcript, or thing, or portion of any document, transcript, or thing, including all copies, excerpts, summaries, or compilations thereof, whether revealed in a document, deposition, other testimony, discovery response, or otherwise: (a) that contains Confidential Health Information, (b) that contains Personal Identity Information, (c) that contains Personal Tax Information, or (d) that contains Proprietary

2

Information (collectively, the "Confidentiality Basis"), **provided however,** that any such designation shall be limited to just the document, transcript, or thing, or portion of any document, transcript, or thing, that contains the Confidentiality Basis, and includes no additional document, transcript, or thing, or portion of any document, transcript, or thing that does not contain a Confidentiality Basis, and **provided further** that any such designation shall represent a certification, in good faith, that an attorney has reviewed the document, transcript, or thing, or portion of any document, transcript, or thing and that that the attorney has a good faith belief that the document, transcript, or thing, or portion of any document, transcript, or thing has a Confidentiality Basis, **provided however** that if a party identifies a category of documents for which the review of those documents for confidentiality is a burden, the parties agree to meet and confer regarding the use of the "Confidential" designation to that category of documents prior to the production of those documents.

2.     Any documents, testimony, or information to be designated as "Confidential" must be clearly so designated prior to, or contemporaneously with, the disclosure or production of the document, testimony, or information.  The "Confidential" designation should not obscure or interfere with the legibility of the designated information.

a.     For documents (apart from transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the following or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" (hereinafter "Confidential").

b.  With respect to any deposition that involves a disclosure of Confidential material of a party to this action, such party shall have until thirty (30) days after receipt of the final deposition transcript within which to inform all other parties in writing of the pages of the transcript, if any, that are to be designated "Confidential," which period may be extended by agreement of the parties.  The deposition transcript shall be treated as "Confidential" during these thirty (30) days, and during this period, no individual attending the deposition shall disclose the contents of the deposition to any individual other than those otherwise entitled to receive Confidential materials under this Order.  Upon being informed that certain pages of a deposition transcript are to be designated as "Confidential," each party shall cause each copy of the transcript in its custody or control to be marked with the legend "Confidential" at the top of each such page, and each party also shall limit disclosure of the transcript in accordance with this Order.  The transcript pages containing "Confidential" material may be separately bound by the court reporter, who in such case must affix to the top of each page the legend "Confidential," as instructed by the designating party.

c.  For information produced in some form other than documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the designating party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "Confidential."  If only portions of the information or item warrant protection, the designating party, to the extent practicable, shall identify the "Confidential" portions.

3.      Any Confidential material shall be used by the receiving party solely for purposes of the prosecution or defense of this Proceeding, shall not be used by the receiving party for any business, commercial, competitive, personal, or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 4, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by order of the Court.

4.      Confidential material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:

a.      the Court and court personnel;

b.      (1) attorneys of record in the Proceeding and their affiliated attorneys, paralegals, clerical, and secretarial staff employed by such attorneys who are actively involved in the Proceeding and are not employees of any party; (2) in-house counsel to the undersigned parties and the paralegal, clerical, and secretarial staff employed by such counsel; **provided however**, that each non-lawyer given access to Confidential materials shall be advised that such materials are being disclosed pursuant to, and are subject to, the terms of this Protective Order and that they may not be disclosed other than pursuant to its terms;

c.      a party to this Proceeding, if an individual, or if the party is a corporation, those officers, directors, partners, members, employees, and agents of all non-designating parties that counsel for such parties deems necessary to aid counsel in the prosecution and defense of this Proceeding; **provided however**, that prior to the disclosure of Confidential materials to any such party, or to any such officer, director,

partner, member, employee, or agent of the party not included in Paragraph 4(b)(2), counsel representing such party shall deliver a copy of this Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;

       d.     court reporters and videographers in this Proceeding (whether at depositions, hearings, or any other proceeding);

       e.     any person who (i) wrote or received a copy of any designated document before it was furnished in this Proceeding, or (ii) was present or participated in a meeting or discussion of the protected information before it was furnished in this Proceeding;

       f.     any deposition, trial, or hearing witness in this Proceeding who previously has had access to the Confidential materials, or who is currently or was previously an officer, director, partner, member, employee, or agent of an entity that has had access to the Confidential materials;

       g.     any deposition or non-trial hearing witness in this Proceeding who previously did not have access to the Confidential materials; provided, however, that each such witness given access to Confidential materials shall be advised that such materials are being disclosed pursuant to, and are subject to, the terms of this Order and that they may not be disclosed other than pursuant to its terms;

       h.     mock jury participants, provided, however, that prior to the disclosure of Confidential materials to any such mock jury participant, counsel for the

party making the disclosure shall deliver a copy of this Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A.  It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Order by any such mock jury participant, to promptly notify counsel for the designating party of such breach or threatened breach;

      i.     jury consultants retained by or for the Parties to assist in preparing for pretrial discovery, trial, and/or hearings; **provided however**, that prior to the disclosure of Confidential materials to any such jury consultant, counsel for the party making the disclosure shall deliver a copy of this Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A.  It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Order by any such jury consultant, to promptly notify counsel for the designating party of such breach or threatened breach;

      j.     outside experts or expert consultants consulted by the Parties or their counsel in connection with this Proceeding, whether or not retained to testify at trial or at any oral hearing; **provided however**, that prior to the disclosure of Confidential materials to any such expert or expert consultant, counsel for the party making the disclosure shall deliver a copy of this Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A.  It shall be the obligation of counsel, upon

learning of any breach or threatened breach of this Order by any such expert or expert consultant, to promptly notify counsel for the designating party of such breach or threatened breach;

k.    any vendors retained by or for the Parties to assist in preparing for pretrial discovery, trial, and/or hearings, including, but not limited to, court reporters, litigation support personnel, vendors hired to process documents or electronically stored information, individuals hired to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff and clerical employees whose duties and responsibilities require access to such materials. To the extent such disclosure is made, such person(s) shall be advised of, shall be come subject to, and shall agree in advance of disclosure to, the provisions of this Protective Order requiring that the material and information be held as Confidential; and

l.    any other person or entity that the party who designated the material as Confidential agrees to in writing.

5.    Any person having access to Confidential materials or information subject to this Protective Order, including consultants and experts, is permitted to make copies, extracts, summaries, or descriptions of such materials or information or any portion thereof as necessary to the preparing for trial in this Proceeding.

6.    If counsel for a party receiving documents or information designated as Confidential hereunder objects to such designation of any or all such items, the following procedure shall apply:

a.     Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for the objection.  Any such written objection shall represent a certification, in good faith, that an attorney has reviewed the document, transcript, or thing, or portion of any document, transcript, or thing and that that the attorney has a good faith belief that the document, transcript, or thing, or portion of any document, transcript, or thing does not have a valid Confidentiality Basis;

b.     Counsel for the designating party or third party shall respond in writing to such objection within twenty (20) days, and shall state with particularity the grounds for asserting that the document or information is Confidential.  This 20-day period may be extended by agreement of the parties.  If no timely response is made to the objection, the challenged designation will be deemed void; and

c.     If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute, including by discovery conference in accordance with Fed. R. Civ. P. 37 and LR 37.1, before filing a motion for an order regarding the challenged designation.  The document or information that is subject of the filing shall be treated as originally designated pending resolution of the dispute.

7.     Notwithstanding any other provision of this Order, to the extent that any party seeks to file with the Court a document designated as Confidential by another party, the filing party may file the document with the Court only on an impounded

basis, accompanied by a motion for impoundment pursuant to LR 7.2.  Nothing herein precludes a filing party from challenging confidentiality pursuant to Paragraph 6.

8.      All hearings in this action, including the trial, will presumptively be open to the public.  The parties shall meet and confer regarding the procedures for use of any Confidential materials at trial and, if necessary, shall move the Court for entry of an appropriate order.

9.      The inadvertent or unintentional disclosure of any Confidential material without a Confidential designation shall be without prejudice to any claim that such item is Confidential and shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document, or thing disclosed or as to any other material or information concerning the same or related subject matter.  In the event of such inadvertent or unintentional disclosure, the party that inadvertently produced the item shall give written notice of such inadvertent production, together with a replacement copy of the subject material.  Upon receipt of this notice, the party that received the inadvertently produced material shall promptly destroy it and all copies thereof, or, at the expense of the producing party, shall return the material and all copies thereof to counsel for the producing party, and shall retain only the versions of the material bearing the Confidential designation.  Should the receiving party choose to destroy the inadvertently produced item, the receiving party shall notify the producing party in writing of such destruction within ten (10) days of receipt of written notice of the inadvertent production.

10.    The inadvertent or unintentional disclosure of material protected by the attorney-client privilege, the work-product doctrine, or other legal privilege shall be without prejudice to any claim that such item is privileged, work product, and/or otherwise protected, and shall not be automatically deemed, without further judicial review, a waiver in whole or in part of a party's claim of privilege, work product, or other legal protection either as to the specific information, document, or thing disclosed or as to any other material or information concerning the same or related subject matter. In the event of such inadvertent or unintentional disclosure, the parties' treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). The party producing the document shall notify counsel for the opposing party in writing within a reasonable period of time from the discovery of the inadvertent production.  If such notification is made, the inadvertently-produced material, and all copies thereof, including any copies provided to experts or other outside consultants, shall, upon request, be returned to the party making the inadvertent production.  In addition, all notes or other work product of the receiving party reflecting contents of such materials shall be destroyed, and such returned or destroyed material shall be deleted from any litigation-support or other database.  If the party receiving the inadvertent production disputes in writing the claim of privilege and/or the inadvertence of the production (*i.e.*, disputes that reasonable steps were taken to prevent the inadvertent production thereby causing a waiver of the privilege or protection, and disputes that the holder of the privileged or protected material did not take reasonable steps to rectify the error), that party may retain possession of the

inadvertently-produced material, as well as any notes or other work product of the receiving party reflecting the contents of such materials, pending resolution of the matter by the Court. If the Court determines that the material is privileged/protected and that there was no waiver of that privilege/protection, then the receiving party shall promptly comply with the immediately-preceding provisions of this paragraph or other such directives as may be issued by the Court. Unless and until the Court rules that the inadvertently-produced material is not protected by the privilege or legal protection claimed by the producing party, no use shall be made of the inadvertently-produced material during deposition or at trial; nor shall they be disclosed to anyone who was not given access to them prior to the request to return or destroy them. The party receiving such inadvertently-produced material may, after receipt of the notice of inadvertent production, promptly present the information to the Court under seal for a determination of the producing party's claim of privilege and/or other legal protection against disclosure.

11.   No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential material under this Order.

12.   Any documents, materials, or information that may be produced by a non-party in discovery in the Proceeding pursuant to subpoena or otherwise may be designated by such non-party as "Confidential" under the terms of this Order, and any

12

such designation by a non-party shall have the same force and effect, and create the same duties and obligations, as if made by one of the parties to this Proceeding. Any such designation shall also function as consent by such producing non-party to the authority of the Court in the Proceeding to resolve and conclusively determine any motion or other application made by any person or party with respect to such designation, or any other matter otherwise arising under this Order.

13.    If any person subject to this Order who has custody of any Confidential materials receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of such materials, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission to all counsel of record for the Parties in this Proceeding, **and shall furnish such counsel with a copy of the Subpoena**. Upon receipt of that notice, any of the Parties may, in his/its sole discretion and at his/its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential materials, and/or seek to obtain confidential treatment of such materials from the subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena may not produce any Confidential materials pursuant to the Subpoena prior to the date specified for production on the Subpoena.

14.    The entry of this Order does not alter, waive, modify, or abridge any right, privilege, or protection otherwise available to any party with respect to the discovery of matters, including but not limited to any party's right to assert the attorney-client

13

privilege, the attorney work product doctrine, or other privileges, or any party's right to contest any such assertion.

15.     Nothing in this Order shall affect the admissibility into evidence of Confidential material, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of any Confidential materials.

16.     Without written permission from the designating party or a Court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any Confidential material.  Any motion for impoundment of material designated as Confidential under this order shall comply with LR 7.2.

17.     Nothing in this Order shall be construed to preclude either party from asserting in good faith that certain Confidential material require additional protection. The parties shall meet and confer to agree upon the terms of such additional protection.

18.     This Order is entered into without prejudice to the right of any party to knowingly waive the applicability of this Order to any Confidential material designated by that party.

19.     If, after execution of this Order, any Confidential material submitted by a designating party under the terms of this Order is disclosed by a non-designating party to any person other than in the manner authorized by this Order, the non-designating party responsible for the disclosure shall bring all pertinent facts relating to the disclosure of such Confidential material to the immediate attention of the designating party.

20.    Any party to this Proceeding (or other person subject to the terms of this Order) may move the Court, after appropriate notice to the other parties to the Proceeding, to modify or grant relief from any provision of this Order.

21.    This Order shall survive the termination of this Proceeding and shall remain in full force and effect unless modified by an order of this Court or by the written stipulation of the parties filed with the Court.

22.    Upon written request made within thirty (30) days after the settlement or other final termination of this Proceeding, any party in possession of Confidential materials shall have thirty (30) days to either (a) promptly return to counsel for each designating party all such Confidential materials, and all copies thereof (except that counsel for each party may maintain in its files, in continuing compliance with the terms of this Protective Order, all work product, and one copy of each pleading filed with the Court and one copy of each deposition together with the exhibits marked at the deposition), (b) agree with counsel for the designating party upon appropriate methods and certification of destruction or other disposition of such materials, or (c) as to any documents, testimony, or other information not addressed by sub-paragraphs (a) and (b), file a motion seeking a Court order regarding proper preservation of such materials.

/ / /

/ / /

/ / /

/ / /

/ / /

To the extent permitted by law the Court shall retain continuing jurisdiction to review and rule upon the motion referred to in sub-paragraph (c) herein.

**IT IS SO AGREED:**

/s/ Charles F. Kester                               September 28, 2023
Charles F. Kester, Esq. (*pro hac vice*)            Date
DELANEY KESTER LLP
49 Boone Village, Suite 239
Zionsville, Indiana 46077
(818) 974-8627
charles@delaneykester.com
Attorneys for Plaintiff Aleksej Gusakovs



/s/ Mark D. Seltzer                                 September 29, 2023
Mark D. Seltzer, Esq.                               Date
(BBO No. 556341)
Hannah R. Bornstein, Esq.
(BBO No. 670433)
Brianna N. Portu, Esq.
(BBO No. 698715)
Jarrad Kirsh, Esq.
(BBO No. 710535)
NIXON PEABODY LLP
53 State St
Boston, MA  02109-2835
Telephone: (617) 345-1000
Facsimile: (617) 345-1300
Attorney(s) for DEFENDANTS
JOHNSON & JOHNSON and DEPUY
SYNTHES SALES, INC.

**IT IS SO ORDERED:**

DATED: _____, 2023          _____
                                       UNITED STATES DISTRICT JUDGE

## EXHIBIT A

### CERTIFICATION RE: CONFIDENTIAL DISCOVERY MATERIALS

I hereby acknowledge that I, _____[NAME], _____ [POSITION AND EMPLOYER], am about to receive Confidential materials supplied in connection with Proceeding No. 1:17–cv–11502–DJC, now pending in the United States District Court for the District of Massachusetts ("Proceeding").  I certify that I understand that the Confidential materials are provided to me subject to the terms and restrictions of the Protective Order filed in this Proceeding.  I have been given a copy of the Protective Order; I have read it, and I agree to be bound by its terms.

I understand that the items designated as "Confidential" in this Proceeding, including any notes or other records that may be made regarding any such materials, shall not be disclosed to anyone except as expressly permitted by the Protective Order. I will not copy or use, except solely for the purposes of this Proceeding, any Confidential materials obtained pursuant to this Protective Order, except as provided therein or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all Confidential materials provided to me in the Proceeding in a secure manner, and that all copies of such materials are to remain in my personal custody until termination of my participation in this Proceeding, whereupon the copies of such materials will be returned to counsel who provided me with such materials.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED THIS _____ DAY OF _____ 202___,

BY:

_____
Signature