UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


ALEKSEJ GUSAKOVS,

     Plaintiff,


v.                                 CIVIL ACTION NO. 1:17-11502-DJC


JOHNSON & JOHNSON and
DEPUY SYNTHES SALES, INC.,

     Defendants.


MEMORANDUM AND ORDER ON PLAINTIFF ALEKSEJ GUSAKOVS'S MOTION
TO COMPEL ANSWERS TO REQUESTS FOR ADMISSION (#117).

KELLEY, U.S.M.J.

This case involves allegations that defendants Johnson & Johnson ("J&J") and DePuy

Synthes Sales, Inc. ("DSS") wrongfully terminated plaintiff Alexsej Gusakovs in retaliation for

blowing the whistle on defendants' alleged violations of the False Claims Act, 31 U.S.C. § 3729,

*et seq.* ("FCA") and the Massachusetts False Claims Act, Mass. Gen. Laws. Ch. 12 §§ 5A, *et seq.*

("MFCA").  (#13 (Am. Compl., hereinafter "FAC")); (#107 (2d Am. Compl., hereinafter "SAC").)

Plaintiff moves the court to compel defendants to respond to plaintiff's requests for admission

("RFAs") that seek to confirm defendants mailed to plaintiff certain letters in early 2018 informing

him that he had been terminated, *see* RFA Nos. 2-5, as well as confirm that neither defendant sent

to plaintiff W-2 forms for years 2019-2022 before producing them in connection with this litigation

in February 2023, *see* RFA No. 8.  (#117 at 1-2); *see* #119 at Ex. 1.[1]  Plaintiff seeks his fees and

expenses in connection with this motion under Rules 26(a)(6) and 37(a)(5) of the Federal Rules of

Civil Procedure.  *Id.* at 1.

After plaintiff filed his motion, defendants supplemented their responses to RFA Nos. 2-5

and 8 and opposed plaintiff's motion. (#125.)  For the following reasons plaintiff's motion is

DENIED.

I.      Background.

Plaintiff originally brought claims against J&J, DSS, and DePuy Synthes, Inc., for

violations of the FCA and MFCA in August 2017.  (#2 (Compl.).)  At the time he filed the case,

plaintiff was on short term disability leave from his position as a "clinical specialist" for, he claims,

J&J and DSS.  (#118 at 3.)  Around six months after he filed suit, plaintiff purportedly received a

letter from the "Johnson & Johnson Employee Service Center" indicating that he had been

terminated.  *Id.* at 3-4; *see* RFA Ex. 2.  Plaintiff then amended his complaint to add claims for

wrongful termination related to his whistleblowing.  #114 at 4; *see* #13 (FAC).  Following the

amendment, plaintiff and his wife allegedly received several other letters from "Johnson &

Johnson – Health, Benefits & Compensation" regarding the status of his COBRA and pension

benefits, again indicating that he had been terminated.  #117 at 4-5; *see* RFA Exs. 3-5.  Two of

these letters stated that he had been terminated effective April 12, 2018.  *See* RFA Exs. 3 & 4.

---

[1] In support of his motion, plaintiff submitted a declaration of counsel Charles F. Kester, *see* #119, to which is attached plaintiff's RFAs, *id.* at Ex. 1, and defendants' initial responses, *id.* at Ex. 2. Attached to plaintiff's RFAs as Exhibits 2-5 and 8 are the letters and W-2 forms at issue here.  *See id.* at Ex. 1, pdf pgs. 14-41, 46-50.  The court will refer to the exhibits attached to the declaration of Attorney Kestor, i.e., plaintiff's RFAs and defendants' initial responses, as "Ex.," and the exhibits attached to plaintiff's RFAs, i.e., the letters and W-2 forms, as "RFA Ex."

In September 2022, after five years of investigation, the United States and the Commonwealth of Massachusetts (together, the "government") elected to intervene in part as to plaintiff's FCA and MFCA claims against DSS and DePuy Synthes, Inc. (##62, 64.) Shortly thereafter, the parties settled the FCA and MFCA claims, #72, and the court dismissed them on January 27, 2023, #74. The court partially unsealed the case, ##70, 71, and allowed plaintiff's personal claims, including his wrongful termination and retaliation claims against J&J and DSS, to move forward. (#74.)

In furtherance of his claims, plaintiff requested a copy of his personnel file, and in February 2023, defendants produced it. (#117 at 6-7.) The file included W-2 forms for the tax years 2019 through 2022 that had purportedly been issued to plaintiff by "J&J Services, Inc., Agent for DePuy Synthes Sales, Inc."; but plaintiff claims he never received the forms before February 2023. *Id.*

On March 3, 2023, plaintiff requested leave to file a second amended complaint to include, *inter alia*, allegations related to the termination-related letters described above, *see* Ex. 2-5. (#91.) On March 24, defendants moved to dismiss both plaintiff's FAC, #96, and SAC, #99, and opposed plaintiff's motion to amend, #98. On June 16, 2023, the court allowed plaintiff's motion to amend, but dismissed some of plaintiff's claims in response to defendants' motion to dismiss the SAC; plaintiff's retaliation claims under the FCA and MFCA, and his claims for wrongful termination in violation of public policy under Massachusetts law, survived. (#105.) Plaintiff filed his SAC in accordance with the court's order on June 22, 2023. (#107 (SAC).) The court held a Rule 16(b) scheduling conference on July 24, 2023, #111, and set the deadline for fact discovery on May 10, 2024, #112.

DSS now claims that it did not terminate plaintiff. *See* #108 (DSS Ans. To SAC) ¶ 5 ("[DSS] admits that Plaintiff's employment began with [DSS] in May 2015. [DSS] denies that

3

Plaintiff was terminated."); *id.* at 17 (Second Affirmative Defense: "Plaintiff was not terminated or otherwise retaliated against for any protected conduct."); *id.* (Third Affirmative Defense: "While not conceding that Plaintiff was terminated . . . ."). DSS claims that plaintiff's "employment with [DSS] terminated before June 1, 2018, when plaintiff's long-term disability claim was denied by third-party Prudential and the Company's contemporaneous records reflect that Plaintiff did not respond or make contact regarding a return to work or a request for an accommodation and admits that Plaintiff's termination was reversed prior to June 1, 2018." Ex. 2 at 66 (defendants' response to RFA No. 9). DSS further claims that plaintiff "is a current employee of [DSS] who is out on unpaid leave." *Id.* at 67 (defendants' response to RFA No. 10).

J&J claims that it never employed plaintiff, and thus did not terminate him, either. *See* #109 (J&J Ans. to SAC) ¶ 5 ("[J&J] denies that it employed Plaintiff and denies that it terminated Plaintiff."); Ex. 2 at 66 (defendants' response to RFA No. 9).

II.   Plaintiff's Motion to Compel (#117).

Plaintiff asserts that defendants' positions bring his employment status and his termination into the limelight of this case. He argues that the above-mentioned letters that reference his termination are directly relevant to these issues, and therefore their authentication is vital.

On August 9, 2023, plaintiff propounded his first set of RFAs on defendants, in which he requested defendants either admit or deny that they sent each respective letter to plaintiff, Ex. 1 at RFA Nos. 2-5, and either admit or deny that they did not send him W-2s for years 2019-2022, *id.* at RFA No. 8. On September 8, 2022, defendants responded. *See* Ex. 2. Their response included pages of boilerplate objections, as well as specific objections to each of plaintiff's RFAs. *Id.* In addition, in response to RFA Nos. 2-5 & 8, defendants stated that they "have made a reasonable inquiry, and the information currently known or readily obtainable is insufficient to permit the

Defendants to admit or deny Request No. [2-5, 8].  The Defendants' inquiry will continue, and the Defendants will supplement this response as appropriate."  *Id.*

Following defendants' initial responses, the parties met and conferred on September 14, 2023, via a telephone call that lasted around 15 minutes.  (#118 at 8); (#125 at 3.)  Plaintiff reports that nothing was resolved and that defendants did not provide any detail on their supposed investigation, nor any details on when or whether they would supplement their RFA responses; defendants claim that they made it clear in their responses that they intended to supplement following a reasonable inquiry, which was ongoing.  *Id.*

Around two weeks later, before the parties had entered into any agreements regarding a protective order or an ESI protocol,[2] plaintiff filed this motion, seeking to compel defendants to respond to RFA Nos. 2-5 and 8, and to be awarded expenses for bringing the motion under Fed. R. Civ. P. 26(a)(6) and 37(a)(5).  (#117.)  Plaintiff argues that, since J&J's letterhead is on the letters, the correspondence is effectively self-authenticating, and defendants are clearly playing games by attempting to evade responsibility for sending them.  (#118 at 8-16.)  He further asserts that defendants have been on notice of the correspondence since at least March 2023, when plaintiff filed his second motion to amend the complaint, and therefore their request for additional time to conduct an investigation is disingenuous.  *Id.*

On October 9, defendants served their first supplemental responses to plaintiff's RFAs, *see* #125-1 at 2-21.  In response to RFA No. 2, which requested defendants admit or deny that RFA Ex. 2 was a "true and correct copy of a document that You sent to Plaintiff," defendants responded in full:

---

[2] Plaintiff filed the parties' proposed stipulated protective order and proposed stipulated ESI protocol on October 2, 2023.  (##121, 122.)  The court allowed both on October 16.  (##126, 127.)

> Subject to and without waiving their objections, the Defendants have made a reasonable inquiry, and the information currently known or readily obtainable is insufficient to permit the Defendants to admit or deny Request No. 2.  If this document was sent to Plaintiff by either Defendant, it would have been sent by the Defendants' Payroll Tax department.  The Defendants' Payroll Tax department has searched its records related to Plaintiff's tax year 2017 W-2C and has been unable to locate this document.

*Id.* at 11.  In response to RFA Nos. 3-5, which requested that defendants admit that RFA Exs. 3-5 were each respectively a "true and correct copy of a document that You sent to [plaintiff/plaintiff's wife]," defendants admitted that the relevant document was "a true and correct copy of a document sent to [plaintiff/plaintiff's wife] by Alight Solutions," and otherwise denied the RFA.  *Id.* at 15-17.  In response to RFA No. 8, which requested that defendants "[a]dmit that prior to February 21, 2023, [they] did not send to Plaintiff, or otherwise cause him to be provided with any W-2 forms for the tax years 2019 through 2022," defendants responded in relevant part that "[DSS] denies request No. 8," and "[J&J] admits Request No. 8 and denies that it was responsible for providing Plaintiff with any W-2 forms for the tax years 2019 through 2022, as it was not his employer and did not provide him with any taxable income in those years."  *Id.* at 19-20.

On October 13, defendants filed their opposition to plaintiff's motion, #125.  They argue that they are entitled to preserve their objections; their initial responses were served in the time permitted by Fed. R. Civ. P. 36(a)(3) (thirty days); those answers were sufficient under Fed. R. Civ. P. 36(a)(4), especially considering an investigation, which involved reaching out to third parties, was ongoing; and they sufficiently supplemented their responses within a reasonable amount of time, as permitted by the Rules.  *Id.* at 3-6.  Defendants further opposed plaintiff's request for fees, as well as Attorney Kestor's calculation of his fees.  *Id.* at 6-11.

III.    Relevant Law.

Fed. R. Civ. P. 36 allows a party to "serve on any party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to . . . (B) the genuineness of any described documents." *Bonomo v. Factory Ins. Co.*, No. 1:21-cv-11750-IT, 2023 WL 3934696, at *4 (D. Mass. June 9, 2023) (quoting Fed. R. Civ. P. 36(a)(1)).  The Rule is "not a discovery device"; its purpose is to "reduce the costs of litigation by eliminating the necessity of proving facts that are not in substantial dispute, to narrow the scope of disputed issues, and to facilitate the presentation of cases to the trier of fact." *In re New England Compounding Pharm., Inc. v. Prod. Liability Litig.*, MDL No. 13-2419-RWZ, 2015 WL 13715291, at *3 (D. Mass. Sept. 8, 2015) (quoting *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co., Inc.*, 174 F.R.D. 38, 42 (S.D.N.Y. 1997) (punctuation omitted)).

"A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." *Bonomo*, 2023 WL 3934696, at *4 (quoting Fed. R. Civ. P. 36(a)(3)) (deeming RFAs admitted where plaintiff failed to respond within the thirty days permitted by the rules, did not request an extension, and did not justify their delay); *see Foss v. Marvic, Inc.*, 994 F.3d 57, 63 (1st Cir. 2021).  The Rule further provides that:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it.  A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify that part admitted and qualify or deny the rest.  The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4).

"What constitutes 'reasonable inquiry' and what material is 'readily obtainable' is a relative matter that depends upon the facts of each case."  *In re New England Compounding Pharm.*, 2015 WL 13715291, at *3 (quoting *T. Row Price Small-Cap Fund*, 174 F.R.D. at 43) (punctuation omitted); *see Bouchard v. U.S.*, 241 F.R.D. 72, 76 (D. Me. 2007) ("The obligation to undertake a reasonable inquiry requires the respondent to make 'a reasonable inquiry, a reasonable effort, to secure information that is readily obtainable from persons and documents within the responding party's relative control.'" (quoting *Henry v. Champlain Enters.*, 212 F.R.D. 73, 78 (N.D.N.Y. 2003)).  "To be sure, when requests to admit are served on a corporate party, Fed. R. Civ. P. 36(a) does not expressly require them to be answered by the most knowledgeable person available. The rule does require, however, that the respondent make 'reasonable inquiry' into the subject matter of the requests."  *Veranda Beach Club Ltd. Partnership v. Western Sur. Co.*, 936 F.2d 1364, 1374 (1st Cir. 1991).  In short, "Rule 36 requires specificity, detailed explanation when a truthful answer cannot be framed, good faith, and fairness."  *U.S. v. Kenealy*, 646 F.2d 699, 703 (1st Cir. 1981); *see Romano v. Computershare, Inc.*, No. 3:17-cv-10208-MGM, 2020 WL 6907076, at *3 (D. Mass. Nov. 24, 2020) ("Allowing a party to simply track the language of Rule 36 would also encourage discovery abuse.").

"If the Court finds that an answer does not meet the requirements of Rule 36, it 'may order either that the matter is admitted or that an amended answer be served.'"  *Beaulieu v. Orlando*, No. 15-cv-012-JD, 2018 WL 654435, at *3 (D.N.H. Jan. 29, 2018) (quoting Fed. R. Civ. P. 36(a)(6)).  Fed. R. Civ. P. 36(a)(6) further allows for the award of expenses under Rule 37(a)(5), which provides that "[i]f the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party . . . to pay the movant's reasonable expenses incurred in making the motion,

including attorney's fees." Fed. R. Civ. P. 37(a)(5).  The court cannot order this payment if "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the other party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id.*

IV.   Discussion.

   A.   Sufficiency of Defendants' Answers.

   The court finds that defendants' supplemental responses comply with Fed. R. Civ. P. 36. Defendants' supplemental answer to RFA No. 2 provides a description of the bounds of their search, and the court finds that the investigation described is reasonable—even if its conclusion, namely that the critical record is lost, seems somewhat incredible.  *See In re New England Compounding Pharm.*, 2015 WL 13715291, at *3 ("Generally, a reasonable inquiry is limited to review and inquiry of those persons and documents that are within the responding party's control."); *see also Veranda Beach Club*, 936 F.2d at 1374.  *Cf. Iantosca v. Benistar Admin Servs., Inc.*, No. 08-cv-11785-NMG, 2012 WL 220224, at *2 (D. Mass. Jan. 14, 2012) ("Reasonableness cannot simply be ascertained absent a brief description of the inquiry made.").[3]

   Defendants' supplemental responses to RFA Nos. 3-5 are also sufficient.  Although plaintiff may take issue with defendants' answers, which deny that either defendant sent the respective letters, the court finds that defendants responded fully to the RFA propounded by providing the sender's identity.  Finally, defendants' response to RFA No. 8 is sufficient as both

---

[3] If defendants continue to assert insufficient information to either admit or deny, and plaintiff later proves "the document to be genuine or the matter true," plaintiff may move that defendants pay the reasonable expenses, including attorney's fees, incurred in making that proof.  Fed. R. Civ. P. 37(c)(2); *see S.E.C. v. Happ*, 295 F. Supp. 2d 189, 192-93 (D. Mass. 2003) (awarding costs under Fed. R. Civ. P. 37(c)(2) where SEC refused to admit that it did not call defendant on June 25, 1998 from an office telephone and defendant later proved this to be true).

defendants admitted or denied the RFA, respectively. *Nautilus Ins. Co. v. Operation Stand Down, R.I.*, No. 09-cv-192 ML, 2009 WL 10729080, at \*3 (D. R.I. Dec. 11, 2009) ("[T]he Rule now states explicitly that '[a] party must not object solely on the ground that the request presents a genuine issue for trial.'" (quoting Fed. R. Civ. P. 36(a)(5)).

Plaintiff's motion is thus <u>denied</u> to the extent it seeks further responses to plaintiff's RFAs.[4]

B.  <u>Plaintiff's Request for Expenses</u>.

Defendants supplemented their answers to plaintiff's RFAs after plaintiff filed this motion, triggering a Rule 37(a)(5) fee-shifting analysis. Fed. R. Civ. P. 37(a)(5). The court finds that exonerating circumstances are present that militate against awarding plaintiff his expenses. *Id.* First, plaintiff filed this motion only two weeks after a short meet-and-confer that directly followed service of defendants' initial responses, which were served in compliance with the thirty-day deadline set forth in Fed. R. Civ. P. 36(a)(3). In those initial responses, defendants clearly stated that an investigation was ongoing. Although defendants did not state for certain when they would supplement, the court finds plaintiff's prompt sprint to the court did not demonstrate a good faith effort to obtain the discovery, especially considering over seven months remained in the discovery period.

Second, defendants' initial responses were justified. They were investigating the provenance of the records, as RFAs 2-5 required, and the investigation required reaching out to third parties, as defendants stated in their initial responses. Contrary to plaintiff's suggestion, the court does not find that such admissions must be made based on letterhead alone. Such searches thus justify the additional weeks defendants required to respond fully. *See In re New England*

---

[4] This motion does not absolve defendants of their continuing obligations to supplement should additional information come to light. Fed. R. Civ. P. 26(e).

*Compounding Pharm.*, 2015 WL 13715291, at *3 (denying motion to compel RFA responses where "[m]any of the[] requests would require [plaintiff] to conduct extensive discovery of third parties before it would be in a position to admit or deny such requests").  Similarly, RFA No. 8 required defendants to confirm a negative, a task that often requires extensive investigation. Plaintiff's request for expenses is therefore <u>denied</u>.

V.     <u>Conclusion</u>.

   For the above reasons, plaintiff's motion to compel answers to requests for admissions is DENIED.

November 13, 2023

/s/ M. Page Kelley
M. Page Kelley
United States Magistrate Judge